# IN THE DISTRICT COURT OF TILLMAN COUNTY
## STATE OF OKLAHOMA

MICHAEL PRYOR,                         )

                         Plaintiff,      )

vs.                                    )

                                 )

STATE FARM INSURANCE CO.,              )
SEARS HOLDINGS CORPORATION,            )
ELECTROLUX INTERNATIONAL, INC.,        )
WHIRLPOOL CORPORATION,                 )
LG ELECTRONICS, INC., AMANA            )
CORPORATION, TECUMSEH                  )
PRODUCTS COMPANY, MAYTAG               )
CORPORATION, GOODMAN GLOBAL, INC.,     )
HELLMAN & FRIEDMAN, LLC., PUBLIC       )
SERVICE COMPANY OF OKLAHOMA/AEP,       )
APOLLO INVESTMENT CORPORATION          )
and XYZ, Inc.,                         )

                        Defendants.     )

**S/RICHARD B. DARBY**

Case No.: *CJ-2011-5*

**STATE OF OKLAHOMA
FILED**

**MAR 0 1 2011**

**DARALENE KIDWELL**
TILLMAN CO  COURT CLERK

BY: *Kath Harple* DEPUTY

## PETITION

**COMES NOW** the Plaintiff, Michael Pryor (hereinafter referred to as "Plaintiff"), by and through his attorney, Daniel M. Delluomo, and for his cause of action over and against the Defendants, State Farm Insurance Co. (hereinafter referred to as "Defendant State Farm"), Sears Holdings Corporation (hereinafter referred to as "Defendant Sears"), Electrolux International, Inc. (hereinafter referred to as "Defendant Electrolux"), Whirlpool Corporation (hereinafter referred to as "Defendant Whirlpool"), LG Electronics, Inc. (hereinafter referred to as "Defendant LG"), Amana Corporation (hereinafter referred to as "Defendant Amana"), Tecumseh Products Company (hereinafter "Defendant Tecumseh"), Maytag Corporation (hereinafter referred to as "Defendant Maytag"), Goodman Global, Inc (hereinafter "Defendant Goodman"), Hellman & Friedman,LLC (hereinafter referred to as "Defendant Hellman"), Public Service Company of Oklahoma (hereinafter



EXHIBIT

"1"

referred to as "Defendant PSO"), Apollo Investment Corporation (hereinafter referred to as "Defendant Apollo"), and XYZ, Inc. (hereinafter referred to as "Defendant XYZ"), alleges and states as follows:

1. Plaintiff is a resident of the State of Oklahoma.

2. Defendant State Farm is a company doing business in the State of Oklahoma.

3. Defendants Sears, Electrolux, Whirlpool, LG, Amana, Tecumseh, Maytag, Goodman, Hellman, PSO, Apollo and XYZ are corporations doing business in the State of Oklahoma and are manufacturers and distributors of a refrigerator sold, distributed and used in Oklahoma.  PSO is an Oklahoma corporation that sold the product and/or supplied electrical power to the product.

4. That on or about March 12, 2009, Plaintiff discovered flames coming from the back side of the product and the Plaintiff was injured in a fire which occurred at his residence, 306 South Vine, Davidson Oklahoma in Tillman County, State of Oklahoma, said fire resulting due to the defective product manufactured, distributed, sold and powered by Defendants and powered by Defendant PSO.

## COUNT I

Plaintiff realleges all allegations above and pleads additionally as follows:

5. Plaintiff had purchased home owners insurance with Defendant State Farm which provided for, among other things, property and structure insurance coverage for Plaintiff's structure and personal contents.

6. Plaintiff has made a claim with Defendant State Farm and Defendant State Farm has

refused to provide coverage to Plaintiff.

7.     As a result of Defendant State Farm's breach of duty and bad faith acts by refusing to

provide coverage and refusing to investigate the claim, Plaintiff was damaged.

8.     That as a result of the accident, Plaintiff has been injured and sustained damages and

is therefore entitled to coverage under the Defendant State Farm's contract.

9.     Defendant State Farm should be punished to deter future wrongful conduct.

10.    Defendant State Farm has breached the insurance policy and has acted in bad faith.

## COUNT II

Plaintiff realleges all allegations above and pleads additionally as follows:

11.    The fire ignited due to a defective refrigerator that was sold and/or manufactured by

Defendants Sears, Electrolux, Whirlpool, LG, Amana, Tecumseh, Maytag, Goodman,

Hellman, PSO, Apollo and XYZ, Inc.  Said product was defective in design and

manufacture.  Defendant Tecumseh is a component manufacturer that designed and

manufactured a defective compressor in the product.  Defendant PSO may have

caused an electrical surge contributing to the fire.

12.    Defendant XYZ is the unknown component manufacturer or product manufacturer

and is liable under strict product liability.

13.    The Defendant manufacturers owed Plaintiff a duty of care, which required them to

not sell a defective product, and Defendant manufacturers are liable to Plaintiff for his

damages and personal injuries pursuant to the doctrine of strict product liability.

14.    Defendant manufacturers put the dangerous product into the stream of commerce and

knew it was foreseeable the defect could cause great bodily harm.  Defendant

manufacturers are responsible for their agents, employees and sub-contractors under the doctrine of respondent superior. Defendants breached the warranty and contractual duty owed to Plaintiff.

15.   Despite the knowledge of the defect Defendant manufacturers and others placed the dangerous product into the stream of commerce knowing full and well the propensity for injury. Defendant manufacturers acted willfully and wantonly by placing the defective product into the stream of commerce. The defect caused a fire which was the actual and proximate cause of Plaintiff's injuries.

16.   Defendants State Farm, Sears, Electrolux, Whirlpool, LG, Amana, Tecumseh, Maytag, Goodman, Hellman, PSO, Apollo. and XYZ, Inc., and each of them are liable to Plaintiff for their breach of duty, negligence and pursuant to the doctrine strict product liability. Plaintiff was injured and has sustained mental and physical pain and suffering and loss of property; Plaintiff has incurred medical bills and will incur future medical bills, Plaintiff has sustained a loss of earning capacity and income, permanent disfigurement and loss of enjoyment of life all caused by the acts of the Defendants and all to the detriment of the Plaintiff.

17.   Defendants, and each of them, acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

18.   Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

4

**WHEREFORE**, premises considered, Plaintiff Michael Pryor prays for judgment against all the Defendants, and each of them, for actual damages in a sum in excess of Seventy Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), together with interest thereon, the costs of this action, a reasonable attorney fee, and such other relief as this Court may deem just and proper.

Respectfully submitted,

**DELLUOMO & CROW**

By: _____
**DANIEL M. DELLUOMO**, OBA #11810
**STEVEN W. CROW**, OBA #15676
5617 North Classen Blvd.
Oklahoma City, Oklahoma   73118
(405) 843-0400
(405) 843-5005 (fax)
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**

5