IN THE DISTRICT COURT OF TILLMAN COUNTY
STATE OF OKLAHOMA

MICHAEL PRYOR,

                Plaintiff,

vs.

STATE FARM INSURANCE CO., SEARS HOLDINGS CORPORATION, ELECTROLUX INTERNATIONAL, INC., WHIRLPOOL CORPORATION, LG ELECTRONICS, INC., AMANA CORPORATION, TECUMSEH PRODUCTS COMPANY, MAYTAG CORPORATION, GOODMAN GLOBAL, INC., HELLMAN & FRIEDMAN, LLC., PUBLIC SERVICE COMPANY OF OKLAHOMA/AEP, APOLLO INVESTMENT CORPORATION and XYZ, Inc.,

                Defendants.

Case No. CJ-2011-5

STATE OF OKLAHOMA
FILED

AUG 25 2011

DARALENE KIDWELL
TILLMAN CO COURT CLERK
BY: _____ DEPUTY

## NOTICE OF REMOVAL FILING TO CLERK OF COURT

TO:    Daniel M. Delluomo
         Steven W. Crow
         DELLUOMO & CROW
         5617 N. Classen Blvd.
         Oklahoma City, OK 73118

PLEASE TAKE NOTICE that defendants, Amana Corporation[1], Maytag Corporation[2], and Whirlpool Corporation have filed a Notice of Removal of the above-captioned matter from the District Court of Tillman County, State of Oklahoma to the United States District Court for the Western District of Oklahoma. A true and accurate copy of the Notice of Removal is attached hereto as Exhibit A, the original of which was filed on August 25, 2011 in the United States District Court for the Western District of Oklahoma.

---

[1] Amana Corporation is not a properly named entity. Amana is a brand name which is owned by Whirlpool Corporation. Defendant will raise the proper party issues by appropriate and timely Motion with the Court.

[2] Maytag Corporation is not the proper party defendant to this action. There no longer exists a Delaware entity by the name of Maytag Corporation. Whirlpool has assumed certain liabilities and obligations of Maytag Corporation. Defense of the claim being asserted in this matter is one of those obligations. Defendant will raise the proper party issues by appropriate and timely Motion with the Court.


EXHIBIT "3"

By operation of 28 U.S.C. § 1446(d), the District Court of Tillman County, State of Oklahoma, is directed to proceed no further unless and until this matter has been remanded.

FRAILEY, CHAFFIN, CORDELL, PERRYMAN, STERKEL, McCALLA & BROWN LLP

By: *Thomas Cordell*

F. Thomas Cordell, Jr., OBA #1912
201 North 4th Street
P.O. Box 533
Chickasha, OK 73023
Telephone: (405) 224-0237
Facsimile: (405) 222-2319
Attorney for Defendants, Amana Corporation, Maytag Corporation, and Whirlpool Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2011, I placed in the United States mail, a copy of the foregoing, postage prepaid and properly addressed to:

Daniel M. Delluomo
Steven W. Crow
DELLUOMO & CROW
5617 N. Classen Blvd.
Oklahoma City, OK 73118

*Thomas Cordell*
F. Thomas Cordell, Jr.

FROM : MASSAD, EVANS & KENT INC.   PHONE NO. : 5803235532   Aug. 25 2011 04:18PM P3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL PRYOR,

                Plaintiff,

vs.

STATE FARM INSURANCE CO., SEARS HOLDINGS CORPORATION, ELECTROLUX INTERNATIONAL, INC., WHIRLPOOL CORPORATION, LG ELECTRONICS, INC., AMANA CORPORATION, TECUMSEH PRODUCTS COMPANY, MAYTAG CORPORATION, GOODMAN GLOBAL, INC., HELLMAN & FRIEDMAN, LLC., PUBLIC SERVICE COMPANY OF OKLAHOMA/AEP, APOLLO INVESTMENT CORPORATION and XYZ, Inc.,

                Defendants.

Case No. _____

JURY TRIAL DEMANDED

## NOTICE OF REMOVAL

**COME NOW** the defendants Amana Corporation[1] (hereinafter "Amana"), Maytag Corporation[2] (hereinafter "Maytag"), and Whirlpool Corporation (hereinafter "Whirlpool"), by and through their attorneys, FRAILEY, CHAFFIN, CORDELL, PERRYMAN, STERKEL, MCCALLA & BROWN LLP, and hereby respectfully files the Notice of Removal

---

[1] Amana Corporation is not a properly named entity. Amana is a brand name which is owned by Whirlpool Corporation. Defendant will raise the proper party issues by appropriate and timely Motion with the Court.

[2] Maytag Corporation is not the proper party defendant to this action. There no longer exists a Delaware entity by the name of Maytag Corporation. Whirlpool has assumed certain liabilities and obligations of Maytag Corporation. Defense of the claim being asserted in this matter is one of those obligations. Defendant will raise the proper party issues by appropriate and timely Motion with the Court.

EXHIBIT A

of this action to the United States District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. This Court has jurisdiction over this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and the "fraudulent joinder" doctrine. In support of removal, Amana, Maytag, and Whirlpool state as follows:

## I. BACKGROUND

1. On March 1, 2011, Plaintiff filed its Petition captioned *Michael Pryor v. State Farm Insurance Co., Sears Holdings Corporation, Electrolux International, Inc., Whirlpool Corporation, LG Electronics, Inc., Amana Corporation, Tecumseh Products Company, Maytag Corporation, Goodman Global, Inc., Hellman & Friedman, LLC, Public Service Company of Oklahoma / AEP, Apollo Investment Corporation and XYZ, Inc.*, Case No. CJ-2011-5 in the District Court of Tillman County, State of Oklahoma.

2. The original Petition named, among others, Amana, Maytag, and Whirlpool as defendants.

3. The original Petition also named State Farm Insurance Co., Sears Holdings Corporation, Electrolux International, Inc., LG Electronics, Inc., Tecumseh Products Company, Maytag Corporation, Goodman Global, Inc., Hellman & Friedman, LLC, Public Service Company of Oklahoma / AEP, Apollo Investment Corporation and XYZ, Inc. as defendants. However, according to state court docket, none of these other defendants have been served.

2

4. This matter is removable pursuant to 28 U.S.C. § 1441 as a "civil action brought in a State court of which the district courts of the United States have original jurisdiction..."

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship between the Plaintiff and all Defendants properly served and/or not improperly-fraudulently joined in the action. Additionally, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00, thus satisfying the jurisdictional amount in controversy.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants Amana, Maytag, and Whirlpool in this action are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth.

## II.   PARTIES

7. According to the Petition, Plaintiff Michael Pryor is a resident of Oklahoma. (See **Exhibit 1**, Plaintiff's Petition, ¶1.)

8. At the time of both the filing of Plaintiff's Petition and this Notice of Removal, Defendant Amana was a Brand name owned by Whirlpool. Thus, for jurisdictional purposes, Defendant Amana is a citizen of both Delaware, the state of incorporation of Whirlpool, and Michigan, the principal place of business of Whirlpool.

9. At the time of both the filing of Plaintiff's Petition and this Notice of Removal, Defendant Maytag was a Brand name owned by Whirlpool. Thus, for jurisdictional purposes, Defendant Amana is a citizen of both Delaware, the state of incorporation of Whirlpool, and Michigan, the principal place of business of Whirlpool.

FROM : MASSAD, EVANS & KENT INC.   PHONE NO. : 5803235232   Aug. 25 2011 04:19PM P6

10. At the time of both the filing of Plaintiff's Petition and this Notice of Removal, Defendant Whirlpool was a Delaware corporation with its principal place of business located at 2000 M-63, Benton Harbor, Michigan. Thus, for jurisdictional purposes, Defendant Whirlpool is a citizen of both Delaware, its state of incorporation, and Michigan, where its principal place of business is located.

11. Upon information and belief, no other defendants are properly before this Court as service has not been accomplished.

12. Plaintiff is demanding an amount in controversy, exclusive of interests and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332(a). (A copy of Plaintiff's May 24, 2011 letter to Whirlpool is attached as **Exhibit 2.**)

13. This Notice of Removal ("Notice") is premised upon this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) and fraudulent joinder.

### III. PLAINTIFF IMPROPERLY –"FRAUDULENTLY" JOINED PUBLIC SERVICE COMPANY OF OKLAHOMA/AEP IN THIS ACTION

14. Upon information and belief, the only non-diverse defendant is Public Service Company of Oklahoma / AEP (hereinafter "PSO").

15. While PSO is a non-diverse Defendant, this case is removable because PSO was improperly-fraudulently joined in this action.

4

16. The "fraudulent joinder doctrine" provides an exception to the requirement of complete diversity. "A defendant's right of removal also 'cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *See e.g. Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1276 (N.D. Okla. 2006) (citations omitted).

17. Joinder is improper - fraudulent when the plaintiff "ha[s] no possibility of recovery against the non-diverse Defendants." *Id.*

18. There is no basis in fact or law supporting recovery against Defendant PSO by Plaintiff on any alleged causes of action, pleaded or otherwise. *Trett v. Oklahoma Gas & Electric Co.*, 775 P.2d 275, 278 (Okla. 1989), *Shelley v. Kiwash Elec. Coop.*, 1996 OK 44, 914 P.2d 669 (Okla. 1996).

   a. "[I]n the absence of unusual conditions, the maintenance of electrical lines in accordance with the requirements of the Oklahoma Corporation Commission and the [NESC] will constitute a prima facie showing of lack of negligence." *Trett v. Oklahoma Gas & Electric Co.*, 775 P.2d 275, 278 (Okla. 1989).

   b. Simply providing power to a residence is not sufficient to hold the electrical provider responsible for this fire. Plaintiff's Petition states: "That on or about March 12, 2009, . . . Plaintiff was injured in a fire which occurred at his residence. . . , said fire resulting due to the defective product . . . powered by Defendant PSO." (See **Exhibit 1**, Plaintiff's Petition, ¶4.)

5

c. Plaintiff further asserts that "Defendant PSO may have caused an electrical surge contributing to the fire". Such a claim is legally insufficient under the body of law applicable to electrical providers. (See **Exhibit 1**, Plaintiff's Petition, ¶11.) *Shelley v. Kiwash Elec. Coop.*, 1996 OK 44, 914 P.2d 669 (Okla. 1996), *Trett v. Oklahoma Gas & Electric Co.*, 775 P.2d 275, 278 (Okla. 1989).

d. Plaintiff cannot prove the "exceptional circumstances" required to base a claim of negligence on an electrical carrier. *Shelley v. Kiwash Elec. Coop.*, 1996 OK 44, 914 P.2d 669 (Okla. 1996); *Daniel v. Oklahoma Gas & Elec. Co.*, 329 P.2d 1060, 1062 (Okla. 1958).

19. Plaintiff has improperly – fraudulently joined Defendant PSO as a defendant in this case for the sole purpose of attempting to deprive Defendants Amana, Maytag, and Whirlpool of their right as non-citizens of the State of Oklahoma to remove this case to this Court.

## IV. NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

20. This Notice is procedurally proper because Defendants Amana, Maytag, and Whirlpool timely filed this notice within 30 days of receiving Plaintiff's Petition, see 28 U.S.C. § 1446(b); complete diversity exists under 28 U.S.C. § 1332(a) as Plaintiff and Defendants Amana, Maytag, and Whirlpool are citizens of different states, Oklahoma, Delaware, and Michigan; as Defendants State Farm Insurance Co., Sears Holdings Corporation, Electrolux International, Inc., LG Electronics, Inc., Tecumseh Products Company, Goodman Global, Inc., Hellman & Friedman, LLC, Public Service Company

of Oklahoma / AEP, Apollo Investment Corporation and XYZ, Inc. have yet to be served; because Public Service Company of Oklahoma / AEP is fraudulently joined and may be ignored for purposes of determining diversity; and the amount in controversy exceeds $75,000, exclusive of interest and costs, under 28 U.S.C. § 1332(b) based upon Plaintiff's letter evidencing damages totaling $1,850,000.00. (**Exhibit 2.**)

21. Defendants Amana, Maytag, and Whirlpool are providing Plaintiff with written notification of the Notice and is concurrently filing a copy with the District Court of Tillman County, State of Oklahoma (see **Exhibit 3**), pursuant to 28 U.S.C. § 1446(a) and (d).

22. Under 28 U.S.C. § 1441, a defendant may remove the action to the district court of the United States for the district and division embracing the place where the action is pending. Plaintiff filed his Petition in Tillman County, Oklahoma and thus this case is removable to the District Court for the Western District of Oklahoma.

23. Attached are the Summons issued to Tecumseh Products Company, Amanda Corporation, Goodman Global, Inc., Hellman & Friedman, LLC, as **Exhibits 4-7**, respectively.

24. Attached is the Tillman County District Court's Docket Sheet for Case No. CJ-2011-5, as **Exhibit 8**.

**WHEREFORE**, Defendants Amana, Maytag, and Whirlpool hereby remove this action from District Court of Tillman County, State of Oklahoma, Case No. CJ-2011-5, to the United States District Court for the Western District of Oklahoma.

7

s/ *F. Thomas Cordell, Jr.*

F. Thomas Cordell, Jr., OBA #1912
**Attorney for Defendants, Amana Corporation, Maytag Corporation, and Whirlpool Corporation**
FRAILEY, CHAFFIN, CORDELL, PERRYMAN, STERKEL, MCCALLA & BROWN LLP
201 N. 4th Street; P. O. Box 533
Chickasha, Oklahoma 73023
Telephone: (405) 224-0237
Facsimile: (405) 222-2319
Email: tcordell@fccpsm.com

8